UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME ARANA DEL TORO,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 16-CV-02538-LHK<br><br>**ORDER DIRECTING RESPONDENT TO ANSWER § 2255 MOTION**<br><br>Re: Dkt. No. 1 |

Petitioner Jaime Toro ("Petitioner"), proceeding *pro se*, filed on May 10, 2016 a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. ECF No. 1 ("§ 2255 Motion"). Petitioner is serving a 120-month sentence of imprisonment for his July 8, 2015 conviction for possession with intent to distribute 50 grams or more of methamphetamine. *Id.* at 1–2. Petitioner's § 2255 Motion argues that he was denied his right to effective assistance of counsel and that he "did not fully understand the extent of [his] rights, and the rights [he] was giving up" when he pleaded guilty pursuant to a plea agreement. *Id.* at 4–5.

Under 28 U.S.C. § 2255:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Court can not say that the motion, files, and records of the case "conclusively show" that Petitioner is not entitled to relief. 28 U.S.C. 2255(b). Petitioner's claims appear cognizable under § 2255 and thus merit a response from Respondent. Accordingly, the Court ORDERS Respondent to respond to Petitioner's claims per the schedule set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a copy of this Order on the Petitioner, and shall file a certificate of service after doing so.

2. Petitioner may file with the Court and serve on Respondent, within **thirty (30) days** from the date of receiving this Order, a supporting memorandum of points and authorities, not to exceed 25 pages in length.

3. Respondent shall file with the Court and serve on Petitioner within **sixty (60) days** of the filing of Petitioner's supporting memorandum of points and authorities an Answer showing cause why the Court should not "vacate, set aside, or correct the sentence" of Petitioner. If Petitioner does not file a supporting memorandum of points and authorities, Respondent shall file with the Court and serve on Petitioner an Answer no later than **ninety (90) days** of the issuance of this Order. Respondent's Answer must conform in all respects to Rule 5 of the Rules Governing Section 2255 Cases.

4. If Petitioner wishes to respond to the Answer, Petitioner shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer.

5. Petitioner's motion is set for hearing on October 27, 2016, at 1:30 p.m.

2
Case No. 16-CV-02538-LHK
ORDER DIRECTING RESPONDENT TO ANSWER § 2255 MOTION

1  **IT IS SO ORDERED.**

2  Dated: June 10, 2016

3  _____
   *Lucy H. Koh*

4  LUCY H. KOH
   United States District Judg

3

Case No. 16-CV-02538-LHK
ORDER DIRECTING RESPONDENT TO ANSWER § 2255 MOTION